Case 8:13-cv-00021-RWT   Document 7   Filed 05/01/15   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL CARROLL, 365628 | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-21 |
| WARDEN, CENTRAL MARYLAND CORRECTIONAL FACILITY, | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * | |
| | * | |
| Respondents. | | |
| | *** | |

## MEMORANDUM OPINION

Respondents request dismissal of Michael Carroll's ("Carroll") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as time-barred. (ECF No. 4). Petitioner was granted an opportunity to explain why the Petition should not be dismissed as untimely or why principles of equitable tolling apply, and no Reply was filed. (ECF No. 6). After review of the Petition and Answer, the Court finds no need for an evidentiary hearing. *See Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the Petition will be dismissed as time-barred.

### BACKGROUND

Carroll is challenging his October 20, 2010 guilty plea to attempted second-degree murder entered in the Circuit Court for Baltimore City, Maryland, for which he was sentenced to thirty years imprisonment, with all but nine years suspended and five years of probation. ECF No. 4, Ex. 1 at 1-3. Carroll did not file an Application for Leave to Appeal the entry of his plea. *Id*. at 3. Thus, his judgment of conviction became final on November 19, 2010, when the

time for filing an application for leave to appeal expired. *See* Md. Rule 8-204(b)(2)(A) (application for leave to appeal to be filed within 30 days of date of judgment from which appeal sought). On November 5, 2010, Carroll filed a Motion for Modification of Sentence,[1] which has been held *sub curia* by the Circuit Court. *Id*. pp. 3-5.

On July 5, 2011, Carroll filed a Petition for post-conviction relief in the Circuit Court for Baltimore City. *Id.* at 3. Carroll withdrew the Petition on July 22, 2011. *Id.* at 3-5.

On May 24, 2012, Carroll filed a Petition for a Writ of Habeas Corpus in the Circuit Court that was denied on July 20, 2012. ECF No. 4, Ex. 2. On December 11, 2012, Carroll filed a second state petition for a writ of habeas corpus. That matter is still pending in state court. ECF No. 4, Ex. 3.

For the purposes of assessing the timeliness of the Petition, the Court deems it filed on December 20, 2012, the date it was signed and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Carroll's motion for modification of sentence does not toll the limitations period at 28 U.S.C. § 2244(d). *See Tasker v. State*, 2013 WL 425040, Civil Action No. AW-11-1869, (D. Md. Jan. 31, 2013).

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted in § 2244(d)(2) the limitations period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *Harris v.*, 209 F.3d 325, 328 (4th Cir. 2000).

In this case, the statute of limitations in 28 U.S.C. § 2244(d) began to run in Carroll's petition on November 19, 2010. Between November 19, 2010, and July 5, 2011, 228 days elapsed where no state post-conviction proceedings were pending. ECF No. 4, Ex. 1 at 3. After Carroll filed his Petition for post-conviction relief on July 5, 2011, the limitations period tolled through July 22, 2011, the date the post-conviction Petition was withdrawn without prejudice. *Id.* Between July 23, 2011, and May 24, 2012, another 306 days elapsed in which no state post-conviction proceedings or other collateral proceedings were pending in Carroll's state case to toll the running of the limitations period.[2] Thus, at least 534 days elapsed when no properly filed state post-conviction or other collateral proceedings related to Carroll's case were pending in state court to toll the limitations period. Consequently, Carroll's federal habeas petition is time-barred under 28 U.S.C. § 2244(d).

---

[2] In Maryland, a person in custody wanting to challenge the judgment of conviction upon which that custody is based must pursue relief pursuant to the Maryland Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Proc., § 7-101 *et seq*. Circuit Courts have discretion to treat a petition for a writ of habeas corpus as a petition for post-conviction relief in appropriate circumstances. Md. Rule 15-304. Carroll does not claim and there is no indication in the record that either of Carroll's state habeas corpus petitions was treated as a post-conviction petition. In any event, Carroll's underlying petition is untimely even if his state petitions for writ of habeas corpus were viewed to toll the limitations period of 28 U.S.C. § 2244(d).

A petitioner is entitled to equitable tolling of the limitations period only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Carroll states he has "been trying to put in a habeas corpus/post-conviction from, October 20, 2010 by my so-called lawyer, [sic] APD, from my court date 10-20-2010, up until now." ECF No. 1 at 5. In correspondence filed on March 7, 2013, Carroll asserted his counsel "was not on 'her' job" and he was "snowballed." ECF No. 5 at 3. Carroll's attempt to blame counsel or his own lack of familiarity with the law for his belated filing does not demonstrate extraordinary circumstance. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner); *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) ("ignorance of the law is not a basis for equitable tolling"). Having determined that there is no basis for equitable tolling, the Court will dismiss the Petition as untimely.

The Court will not issue a Certificate of Appealability because Carroll has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right). Carroll fails to satisfy this standard, and a Certificate of Appealability shall not issue.

## CONCLUSION

For these reasons, a separate Order dismissing the Petition as untimely and declining to issue a Certificate of Appealability follows.


April 30, 2015                                                              /s/
Date                                                              ROGER W. TITUS
                                                         UNITED STATES DISTRICT JUDGE